People v Scott (2022 NY Slip Op 02714)

People v Scott

2022 NY Slip Op 02714

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

392 KA 15-02150

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROOSEVELT SCOTT, JR., DEFENDANT-APPELLANT. 

TULLY RINCKEY PLLC, ROCHESTER (PETER J. PULLANO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 12, 2015. The judgment convicted defendant, upon a plea of guilty, of assault in the first degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]) and assault in the second degree (§ 120.05 [2]). We affirm.
Defendant contends that defense counsel was ineffective as a result of the alleged disagreements and disputes that occurred between the two during the course of the representation, which rendered defendant's decision to plead guilty involuntary. Defendant's contention survives his guilty plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019], lv denied 37 NY3d 974 [2021]; People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]). Here, we conclude that, to the extent that it survives his guilty plea, defendant's contention lacks merit inasmuch as defendant "received an advantageous plea, and 'nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016], quoting People v Ford, 86 NY2d 397, 404 [1995]; see People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]).
Finally, contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court